IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AMANDA HAYS, Individually and on
Behalf of Others Similarly Situated                                                     PLAINTIFF

v.                              Case No. 6:15-cv-6065

FRENCH QUARTER PARTNERS, LLC,
Individually and d/b/a FRENCH QUARTER;
DALE KLOSS a/k/a DUKE KLOSS,
Individually and d/b/a FRENCH QUARTER                                                   DEFENDANTS

## **ORDER**

Before the Court is Plaintiff Amanda Hays' Motion for Attorneys' Fees and Costs (ECF No. 37). Defendants have responded. (ECF No. 39). Plaintiff has replied. (ECF No. 41). The Court finds this matter ripe for consideration.

## **BACKGROUND**

On June 29, 2015, Plaintiff filed suit against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 *et seq*., and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-211, *et seq.* (ECF No. 1). The Complaint sought the creation of a collective action pursuant to Section 216 of the FLSA, as well as a class action pursuant to the AMWA and Federal Rule of Civil Procedure 23. On November 17, 2015, Plaintiff filed a Notice of Acceptance of Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. (ECF No. 23). Pursuant to Plaintiff's acceptance of the offer of judgment from Defendants, the Court entered judgment in favor of Plaintiff against Defendants in the amount of $16,940.00. (ECF No. 36).

Plaintiff then filed the instant motion requesting approval of her attorneys' fees pursuant to 29 U.S.C. § 216(b). Specifically, Plaintiff seeks an order from the Court awarding $13,555.50

for attorneys' fees and costs. In addition, Plaintiff submitted an itemized list of services billed by her attorneys in this matter and a declaration signed by Attorney Josh Sanford ("Sanford"). (ECF Nos. 37-1 and 37-2).

The records that accompany Plaintiff's motion indicate that Plaintiff initially incurred attorneys' fees in the amount of $17,893.50. However, Plaintiff asserts that she is only requesting an award for $13,031.50 in attorneys' fees "[a]fter subtracting fees incurred performing duplicative or unnecessary work.[1]" (ECF No. 38, p. 5). Plaintiff states that the $13,031.50 total includes: Attorney Josh Sanford's ("Sanford") fees totaling $5,365.00 for 18.5 hours at an hourly rate of $290.00; Attorney Steve Rauls' ("Rauls") fees totaling $4,938.75 for 21.95 hours at an hourly rate of $225.00; Attorney Maryna Jackson's ("Jackson") fees totaling $2,328.75 for 10.35 hours at an hourly rate of $225.00; "Other Attorneys'" fees totaling $363.00 for 2.1 hours at a blended rate of 172.86; and staff fees totaling $36.00 for 0.6 hours at an hourly rate of $60.00. *Id*. In addition, Plaintiff requests reimbursement of $524.00 in costs. *Id*.

Defendants filed a response to the motion and make a host of objections to Plaintiff's requested fee. Specifically, Defendants ask the Court to reject Sanford's fee request as unreasonable due to a lack of evidence that $290 per hour is an ordinary rate or prevailing market rate for similar work in the community. In addition, Defendants argue that Plaintiff's request for attorneys' fees for work performed after the offer of judgment should be denied. Defendants also argue that no attorneys' fees should be awarded, or in the alternative substantially reduced, for work related to class certification because neither class materialized and only one plaintiff was ever a party to the lawsuit. Defendants cite additional reasons for reducing the amount of attorneys' fees such as duplicative tasks, excessive intra-firm

---

[1] Plaintiffs' motion and the accompanying itemized list of work performed do not explicitly state which fees were subtracted for being duplicative or unnecessary.

communication, administrative tasks that could have been completed in a more economical manner by support staff, as well as the "fact that counsel did very little original drafting" in the case. (ECF No. 39, pp. 3-4).

## DISCUSSION

In an action brought pursuant to the FLSA, a prevailing party is entitled to an award of reasonable attorneys' fees and costs to be paid by the defendant. 29 U.S.C. § 216(b). Plaintiff is accordingly entitled to an award of attorneys' fees in this matter. However, the amount of such an award is left to the discretion of the Court. *Fegly v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

In determining the reasonableness of an attorneys' fee award, a "district court [is] required to first calculate a lodestar, by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate, and to then consider whether the lodestar amount should be reduced, based on appropriate considerations." *Jones v. RK Enterprises of Blytheville, Inc.*, 632 F. App'x 306, 307 (8th Cir. 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). The United States Supreme Court has set forth twelve factors to be considered when making a lodestar determination: (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3.

### A. Reasonable Hourly Rate

First, Defendants contend that the hourly rate of $290 for work performed by Sanford is unreasonable. In support of this contention, Defendants point to the Court's award of attorneys' fees in *Whitworth v. French*, No. 6:13-cv-06003 (W.D. Ark. Sept. 19, 2014) in which the Court found Sanford's prior hourly rate of $275.00 to be reasonable. As noted above, Sanford submitted an affidavit that informs the Court of his prior experience handling wage and hour litigation throughout the country. The affidavit further explains that Sanford's requested hourly rate is consistent with hourly rates of other attorneys with similar experience and qualifications in the Western District of Arkansas. Additionally, previous opinions and orders within the Western District have found that Sanford's requested rate is within the range of reasonableness for similar work performed by attorneys of similar qualifications in the area. *See Burchell v. Green Cab Co., Inc.*, No. 5:15-cv-05076, 2016 WL 894825, at *2 (W.D. Ark. Mar. 8, 2016). In light of the foregoing considerations, the Court finds that Sanford's requested hourly rate of $290 is reasonable and appropriate.[2]

### B. Hours Expended

Next, Defendants raise numerous objections to demonstrate that Plaintiff's attorneys expended an unreasonable number of hours in this matter. First, Defendants contend that Plaintiff's claims for attorneys' fees for work performed after the date of the Rule 68 offer of judgment should be denied. Defendants cite *Burchell* in support of the proposition that no attorneys' fees or costs may be awarded if incurred after the date of the offer of judgment.

The Court disagrees. In *Burchell*, the offer of judgment explicitly stated that no attorneys' fees or costs were recoverable after the date of the offer of judgment. *Id*. at *3. In the present

---

[2] The Court notes that Defendants do not object to the hourly rates requested by Rauls, Jackson or "Other Attorneys." The Court accordingly finds that the hourly rates requested for Rauls, Jackson and "Other Attorneys" are reasonable.

4

case, the offer of judgment does not contain language that limits the recoverability of attorneys' fees and costs to those incurred through the date of the offer of judgment. (ECF No. 23-1). Accordingly, the Court finds that Plaintiff may recover reasonable attorneys' fees and costs that were incurred after the date of the offer of judgment.

Defendants next argue that no fees should be awarded for Plaintiff's class certification work because no class ever materialized. In the alternative, Defendants request that the Court deeply reduce the claim for attorneys' fees based upon the same analysis. The Court finds Defendants argument to be unpersuasive. The Court in *Burchell* addressed the same argument and found that attorneys' fees were recoverable because "[t]he possibility of the development of a class or collective action was likely relevant to the ongoing settlement negotiations between the parties and initial preparation of the case." *Id*.

Defendants next argue that Plaintiff's claim for attorneys' fees should be reduced due to duplicative work performed by multiple attorneys; excessive intra-firm communication; and multiple instances where work could have been completed in a more economical fashion by support staff. In addition, Defendants argue that Plaintiff's counsel did little original drafting in this matter and point to attorneys' fee awards in similar cases in support of a reduction of the claimed fees.

The Court agrees that there are multiple instances of duplicative work performed and excessive intra-firm communication in the itemized list provided by Plaintiff's counsel. After considering the *Hensley* factors and the circumstances of this case, the Court finds that a slight reduction in the amount of attorneys' fees requested is warranted. Specifically, as to Attorney Sanford, the Court finds that 16.7 hours at an hourly rate of $290 for a total of $4,843 is

reasonable. The request for the amount of the remaining attorneys' fees is granted in full. The lodestar amount in this case is thus calculated as follows:

| **Attorney** | **Hourly Rate** | **Hours** | **Total Fees** |
|---|---:|---:|---:|
| Josh Sanford | $290.00 | 16.7 | $4,843 |
| Steve Rauls | $225.00 | 21.95 | $4,938.75 |
| Maryna Jackson | $225.00 | 10.35 | $2,328.75 |
| Other Attorneys | $172.86 | 2.1 | $363.00 |
| Staff | $60.00 | 0.6 | 36.00 |
| **Total** | | 51.7 | **$12,509.50** |

The Defendants have not objected to the costs claimed by Plaintiff in this matter. The Court thus awards Plaintiff costs in the amount of $524.00. Accordingly, the Court arrives at a total of $13,033.50 for the reasonable attorneys' fees and costs.

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's Motion for Attorneys' Fees and Costs should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is awarded $13,033.50 in attorneys' fees and costs.

**IT IS SO ORDERED**, this 1st day of November, 2016.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District